UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff-Respondent,

Case No. 11-cr-20768

v

Honorable Thomas L. Ludington

JOHNNIE LEE JACKSON,

        Defendant-Petitioner.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF ERROR CORAM NOBIS PURSUANT TO § 28 U.S.C. 1651

Johnnie Lee Jackson is currently serving a 151-month sentence for distributing crack cocaine. On November 5, 2015, Jackson filed a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. ECF No. 29. In his petition, Jackson argues that he is factually innocent of being a career offender, and that the Court exceeded its jurisdiction and violated his Fifth Amendment rights in enhancing his sentence under the Career Offender guidelines. *Id.* Because the Court does not have jurisdiction to hear Jackson's claims of error, his petition will be dismissed.

**I.**

On March 26, 2012, Jackson pleaded guilty to possession with intent to distribute at least 25 grams of cocaine base, 21 U.S.C. § 841(a)(1). A presentence report ("PSR") noted that Jackson had two prior controlled substances convictions: a May 26, 2001 conviction for delivery of under 50 grams of cocaine and an October 7, 2010 conviction for delivery of under 50 grams of cocaine. These convictions made Jackson a career offender under the U.S. Sentencing Guidelines Manual § 4B1.1 and his offense level was enhanced from 26 to 32 (which took into

account the two-level reduction for acceptance of responsibility). When combined with Jackson's criminal history, calculated as category VI, Jackson's resulting guidelines range of imprisonment was 151 to 188 months. At no time did Jackson object to or identify any errors in the PSR.

Based on the plea agreement and PSR, this Court sentenced Jackson to 151 months' imprisonment on July 9, 2012. ECF No. 20. Jackson did not file a direct appeal. Instead, over a year later, Jackson filed two motions under 18 U.S.C. § 3582 for retroactive application of the amended sentencing guidelines for crack cocaine offenses. ECF Nos. 21, 22. Those motions were denied on May 6, 2014. ECF No. 25.

Jackson then filed a motion for resentencing on June 6, 2014, arguing that errors in his PSR report led to his conviction as a career offender. ECF No. 26. The Court denied that motion June 10, 2014 on the grounds that Jackson was properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a). ECF No. 28. The Court further explained:

> At the time Jackson was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." See 21 U.S.C. § 841(b)(1)(B) (2009). And because his offense carried a possible life sentence, Jackson's offense level was increased from 26 to 32. See U.S. Sentencing Guidelines Manual § 4B1.1(b). Because Jackson was classified as a career offender under §4B1.1(a), Amendment 750 does not affect or reduce his sentence. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

*Id*. Jackson now seeks the same relief under a different heading, arguing that he is factually ineligible to be a career offender under 4B1.1.

**II.**

**A.**

Jackson's current motion is styled as a petition for the common law writ of error coram nobis pursuant to 28 U.S.C. § 1651. The writ or error coram nobis is an extraordinary writ, used at common law to correct errors of fact. *United States v. Morgan*, 346 U.S. 502, 506 (1954). It is now a limited remedy, generally used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 motion is unavailable, often when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. *See Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996).

The Supreme Court has limited use of the writ to "circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 506. The Sixth Circuit has further directed that the writ may only be used to review errors of "the most fundamental character, that is, such as rendered the proceeding itself invalid." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). A petition may only be granted where a petitioner demonstrates (1) an error of fact (2) unknown at the time of trial (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id*. Furthermore, a coram nobis petitioner must demonstrate that sound reasons exist for failure to seek appropriate earlier relief. *Morgan*, 346 U.S. at 512. The writ may not be used to relitigate issues fully ventilated at the time of the conviction, nor may it be used to bring claims that could have been raised on direct appeal or addressed at the time of sentencing. *United States v. Edward*, 33 F.Supp.2d 631, 633 (N.D. Ohio 1999).

**B.**

Not only were Jackson's claims of error previously raised in his motion for resentencing, but his claims should have been raised at the time of his sentencing or on direct appeal pursuant to 18 U.S.C. §§ 3557 and 3742.

Once the district court has heard objections to the PSR and has imposed a sentence, the district court's jurisdiction over a defendant becomes very limited. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). The Federal Rules of Criminal Procedure provide that, "within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). By failing to object to errors in a PSR during sentencing, a defendant accepts all factual allegations contained in it and waives his right to challenge the reliability of facts contained in a PSR on a later attack. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). A district court does not have jurisdiction to hear a defendant's post-sentence motions to correct his PSR. *See United States v. Engs*, 884 F.2d 894 (5th Cir. 1989); *See also United States v. McKinney*, 602 Fed. Appx. 237, 240-41 (6th Cir. 2015).

Because Jackson did not object to his PSR during his sentencing, he waived his right to challenge any facts contained in the PSR. Because this Court does not have jurisdiction to hear Jackson's post-sentence challenges to his PSR, his petition will be dismissed for lack of jurisdiction. *See U.S. v. Leath*, 711 F.2d 119 (8th Cir. 1983) (holding that a claimant's "Motion to Correct Presentence Report" could not be construed as a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2241 motion, and remanding the motion to be dismissed for lack of jurisdiction).

### III.

Accordingly, it is **ORDERED** that Petitioner Johnnie Jackson's Petition for writ of error coram nobis, ECF No. 29, is **DISMISSED** for lack of jurisdiction.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 4, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2015.

                                        s/Michael A. Sian
                                        MICHAEL A. SIAN, Case Manager